No. 2248

Second Circuit Appeal

---

NORMAN McDONALD v. HARRIS GAS & OIL CO., INC., ET AL.

---

(May 9, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Builders and Buildings—Par. 7.**
The signer as surety on a building contract bond is liable even though he received no compensation.
    (C. C. Art. 3039. Editor's note.)
2. **Louisiana Digest—Pleading—Par. 113.**
The defendant is not called upon to defend against matters not contained in the pleadings. Such evidence should be excluded as irrelevant.
3. **Louisiana Digest—Builders and Buildings—Par. 7.**
The surety on a bond should not be allowed to relieve himself of his attorney's fees at the expense of those creditors for whose benefit the bond was given.
4. **Louisiana Digest—Courts—Par. 128.**
In an appeal to the Court of Appeal of a concursus proceeding, the jurisdictional amount involved is the fund to be distributed and not the amount in dispute, under Constitution of Louisiana of 1921, Article VII, Section 29.
5. **Louisiana Digest—Builders and Buildings—Par. 7; Laws—Par. 72.**
Where the owner in a building contract does not require a 100% bond, Act 139 of 1922 does not apply but Act 229 of 1916 does.

Appeal from Fourth Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. L. Digby, Judge.

This is a concursus proceeding under a building contract secured with bond.

There was judgment distributing fund and plaintiff appealed.

Judgment affirmed with minor correction.

Dhu Thompson, of Ruston, attorney for Normand McDonald and North Louisiana Brick Co.

W. E. McBride, of Ruston, attorney for Harris Gas & Oil Co., Inc.

Barksdale & Barksdale, of Ruston, attorneys for Ruston Oil Mill & Fertilizer Co.

S. D. Pearce, attorney for Ruston Hardware & Furniture Co. and Home Heating & Plumbing Co.

Burt Lomax, attorney for G. M. Lomax Lumber Co.

REYNOLDS, J. This is a concursus proceeding.

E. C. Evans contracted to build a filling station for Harris Gas & Oil Co., Inc., for $2350.00.

Normand McDonald signed E. C. Evans' bond guaranteeing faithful performance of the contract.

The contract was completed and Harris Gas & Oil Co., Inc., filed acceptance of the work.

Within the time prescribed by law various furnishers of material, claiming special privileges on the land and improvements, filed claims aggregating $1891.27.

The plaintiff herein, as surety on the contractor's bond for $1175.00, deposited

that amount in the registry of the court in a concursus.

The privilege creditors filed and established in court their privilege ·claims to the amount of $1891.27.

Defendant, Harris Gas & Oil Co., Inc., in its answer prays that plaintiff's demand for attorney's fees be rejected and that it be given judgment against plaintiff for ten per cent of the amount of the bond, as attorney's fees, and for judgment against E. C. Evans for the amount of any excess that may be found due for labor and material over and above the amount of said bond.

On these issues the case was tried and there was judgment in favor of the plaintiff for all he claimed in his petition, except the $50.00 asked as attorney's fees, and ordering that the $1175.00 deposited by the plaintiff with the clerk be paid out pro tanto on the privilege claims, which claims were allowed in the sum of $1891.27.

There was judgment by default against E. C. Evans in favor of plaintiff for $1175.00 and in favor of the defendant, Harris Gas and Oil Co., Inc., for $1891.27, less $1175.00.

From this judgment both plaintiff and defendant have appealed.

ON PLAINTIFF'S APPEAL

Plaintiff urges in his brief that there was no consideration paid to him as surety on the bond.

This question as to whether there is a difference between the obligation of one who signs a bond as surety without compensation and one who receives compensation for his signature as surety is fully discussed in the case of Wells vs. Fidelity & Deposit Co., 146 La. 185, 83 South. 448, where the court says:

"Civil Code, Article 3039, says: * * * "Suretyship cannot be presumed; it ought to be expressed, and it is to be restrained within the limits intended by the contract.

"The article is significant because exception, since the obligations of all contracts are presumably restrained within the limits thus mentioned. None of the articles distinguish between compensated and uncompensated sureties, and we find no authority vested in the courts for making such distinction. Moreover, during the seventy-five years which have elapsed since the original adoption of the present Code, a jurisprudence, interpretative of the articles mentioned, has been established by this court, and up to a very recent period there is not the slightest recognition of any such distinction."

Hence, plaintiff's contention that he received no compensation for signing the contractor's bond does not in any way relieve him from liability.

The second contention of the plaintiff is that the trial court did plaintiff a great damage by sustaining an objection to plaintiff's proving what part of the material went on to the ground on which the filling station was built after the contractor was paid fifty per cent of the contract price.

There was no allegation in plaintiff's petition under which such testimony was relevant, and we think the trial court ruled correctly in sustaining the objection to said testimony.

Plaintiff insists that in spite of the ruling of the trial court excluding evidence as to when the material that went into the filling station was placed on the ground, it is shown by the dates of the various sworn-to bills for material that more than half of such material had not been placed on the ground at the time the defendant paid the contractor fifty per cent of the amount of the contract.

Be that as it may, the fact remains that the evidence referred to was imma-

terial under the pleadings, for plaintiff did not complain on that ground and he does not now claim that he was actually injured thereby.

The evidence shows that when fifty per cent of the contract price was paid by the defendant to the contractor, there had been placed on the ground brick, lumber, lime, cement, sand, and that practically all of the cement work had been done all around the walls.

It is not contended by plaintiff that this fifty per cent of the contract price paid to the contractor was in any sense prejudicial to the plaintiff's rights.

The defendant is not called upon to defend against matters not contained in the pleadings, and the court would not be justified in deciding the case against defendant upon issues not covered by plaintiff's petition.

Plaintiff asks in his petition for $50.00 attorney's fees, but in his brief he does not cite us to any provision of the law allowing the same where the concursus is in a case where the bond furnished was only for fifty per cent of the contract price. To allow plaintiff his attorney's fees would diminish the security of the privilege creditors for whose protection the bond was given, and clearly the surety on the bond should not be allowed to relieve hmself of his attorney's fees at the expense of those creditors for whose benefit the bond was given.

Dunlap vs. Whitmer, 137 La. 792, 69 South. 189.

The relief sought by plaintiff in his appeal must be denied.

### ON DEFENDANT'S APPEAL

Defendant in its brief asks that the appeal be dismissed on the ground that there is only $50.00 in dispute, since plaintiff received judgment for all he asked except the attorney's fees of $50.00.

Article VII, section 29, of the Constitution of 1921 gives this court jurisdiction wherever the amount involved exceeds $100.00.

The amount involved in this case is the fund to be distributed, and hence this court has jurisdiction.

Defendant further claims that the Ruston Hardware & Furniture Co. and the W. S. Wilhite Lumber Co. and the Ruston Manufacturing Co. did not serve on the owner sworn itemized statements of the accounts they filed in the mortgage records, and that hence they failed to establish their privileges.

The owner did not require a 100% bond and hence Act 139 of 1922 does not apply. The privilege creditors for material furnished come under the provisions of Act 229 of 1916.

Defendant insists that there is an error of $32.00 in the amount allowed the Ruston Hardware & Furniture Company, and on page 90 it is so admitted. Mr. Payne says the bill now is $1051.91, less a credit of $32.00, which credit was not allowed in the judgment.

For the above reasons the judgment of the lower court is affirmed in all its parts, except insofar as the judgment in favor of the Ruston Hardware & Furniture Company is concerned, and that judgment is amended so as to reduce the amount thereof from $1051.91 to $1019.91, and as thus amended it is affirmed. All costs in this case to be paid as provided in the original judgment, except the costs of this appeal, which are to be paid by the Ruston Hardware & Furniture Company.